UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

_____

| | |
|---|---|
| KATHY KOCUREK, ET AL. | CIVIL ACTION NO. 16-0543 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| FRANK'S INTERNATIONAL, LLC, ET AL. | MAGISTRATE JUDGE HANNA |

_____

### MEMORANDUM ORDER

Before the Court is Defendant Gary Luquette's motion for judgment on the pleadings. Record Document 12. For the reasons discussed below, the motion [Record Document 12] is **DENIED** and Plaintiffs are granted leave to amend the complaint as requested within 21 days.

### I. Background

Plaintiff Le Chat Interiors alleges that it entered into a contract for interior design services with Defendant Frank's International, LLC ("Frank's" -- formerly Frank's Casing Crew & Rental Tools, LLC). Record Document 9, p. 3. Plaintiff Kathy Kocurek signed the agreement as the President and CEO of Le Chat Interiors. Id., pp. 2-3. Plaintiffs allege that the contract was terminated by Luquette, "acting on behalf of and in his capacity as President and CEO of Frank's International," before the work had been completed and without cause. Id., p. 4. Plaintiffs state that at all relevant times "Luquette was in the course and scope of his employment with Frank's, and was within the authority granted to him by Frank's." Id.

Plaintiffs filed this suit alleging two causes of action: breach of contract against

Frank's and tortious interference with a contractual relationship against Luquette.[1] Id., pp. 4-6. Luquette moved for judgment on the pleadings on the claim against him.

**II. Discussion**

    A. Standard of Review

Rule 12(c) permits a party to move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "A motion brought pursuant to [Rule 12(c)] is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings." Hebert Abstract Co. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990). Further, a party may raise a defense of failure to state a claim upon which relief can be granted in a 12(c) motion. Fed. R. Civ. P. 12(h)(2)(B).

The standard of review for a motion under Rule 12(c) is the same as the standard of review for a motion under Rule 12(b)(6). In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings a Plaintiff's complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] The first amended and restated complaint does not name Luquette as a Defendant, Record Document 9, p. 1, although Plaintiffs named both Frank's and Luquette in the original state court petition. Record Document 1-2, p. 3. Typically, the Court looks only to the amended complaint. See 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed.) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). However, the amended complaint treats Luquette as a Defendant and Luquette himself moved for judgment on the pleadings. Therefore, the Court considers the motion.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. In determining whether the Plaintiff has stated a plausible claim, the Court must construe the complaint in the light most favorable to the Plaintiff, see In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 210 (5th Cir. 2010), and accept as true all of the well-pleaded factual allegations in the complaint. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Thus, the Court does not have to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005).

    B. Tortious Interference With A Contractual Relationship

Tortious interference with a contractual relationship is a recognized tort in Louisiana. 9 to 5 Fashions, Inc. v. Spurney, 538 So. 2d 228, 229 (La. 1989). An officer of a corporation owes a duty to a third party not to interfere with a contractual relationship between the corporation and the third party, unless the officer has reasonable justification for his conduct. Id. at 231. To successfully plead a cause of action for tortious interference, Plaintiffs must allege facts showing: (1) the existence of a contract between Plaintiffs and the corporation, (2) that the corporate officer knew about the contract, (3) that the officer intentionally induced or caused the corporation to breach the contract, or intentionally rendered performance impossible or more

burdensome, (4) the absence of justification for the officer's actions, and (5) causation of damages to Plaintiffs because of the breach. Id. at 234. With regard to the fourth element, "[t]he officer's action is justified...if he acted within the scope of his corporate authority and in the reasonable belief that his action was for the benefit of the corporation." Id. at 231. Therefore, in order to state a claim for tortious interference against Luquette, Plaintiffs must plead facts establishing that Luquette's actions were not justified, either because Luquette was acting outside the scope of his authority or because he was not acting in the reasonable belief that his action was for the benefit of Frank's. Plaintiffs have not met this burden.

Plaintiffs' first amended and restated complaint admits that Luquette acted "in the course and scope of his employment with Frank's" when he terminated the contract. Record Document 9, p. 4. The complaint makes no allegation at all that Luquette acted without a reasonable belief that his action was in Frank's interests. Nor does the complaint contain any factual allegations that would support such a conclusion. In fact, the complaint admits that Luquette acted "on behalf of and in his capacity as President and CEO of Frank's" when he terminated Plaintiffs. Id., p. 4. The complaint alleges no facts suggesting how Luquette acted on behalf of Frank's while simultaneously and intentionally acting against the company's interests. Moreover, Frank's admitted in its answer that Luquette acted in the company's interest. Record Document 11, p. 8 ("any actions taken by Mr. Luquette with respect to the 'Letter of Engagement' were performed in the course and scope of Mr. Luquette's employment with Frank's and for

the benefit of the company").

Nevertheless, Plaintiffs argue for the first time in opposition to Luquette's motion that Luquette was not acting to benefit Frank's because the termination of the contract delayed completion of the interior design work and made the work more expensive for Frank's. Record Document 18, p. 5. Plaintiffs are essentially attempting to read a new allegation into the complaint. The Court must accept as true all well-pleaded factual allegations, but it cannot imply for Plaintiffs a conclusion not advanced in the complaint at all.

Finally, Plaintiffs ask that they be allowed to amend their complaint to add a sentence stating the allegation previously omitted: that Luquette knew that his actions were detrimental to Frank's because termination caused increased delay and expense. Record Document 18, p. 6. Whether termination did in fact cause increased cost and increased delay are facts which, if proven, could lead to the conclusion that Luquette acted against Frank's interest. The Court "should freely give leave" to amend a pleading. Fed. R. Civ. P. 15(a)(2). Therefore, the Court grants Plaintiffs leave to amend their complaint as requested in their opposition to this motion, within 21 days of the date of this order.

### III. Conclusion

For the reasons discussed above, Defendant Luquette's motion for judgment on the pleadings [Record Document 12] is **DENIED**. Plaintiffs may amend the complaint as requested within 21 days of the date of this order. If Plaintiffs fail to amend their

complaint in a timely manner, Defendant should re-urge his motion by reference.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 15th day of March, 2017.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE