**United States District Court**
**Western District of Louisiana**
**Lafayette Division**

| | |
|---|---|
| Kathy Kocurek *et al.* | Civil Action No.: 6:16-cv-00543 |
| Versus | Judge Foote |
| Frank's International, LLC *et al.* | Magistrate Judge Hanna |

**Defendants' Memorandum of Law in Support of Motion to Strike the "Amendment" of Le Chat's Deposition Testimony**

Defendants, Frank's International, LLC ("Frank's") and Gary Luquette ("Mr. Luquette") (collectively, "Defendants"), submit this Memorandum of Law in Support of their Motion to Strike the "Amendment" of Le Chat Interiors, Inc.'s Deposition Testimony [Rec. Doc. 54-7].[1] In opposing Defendants' Motion for Summary Judgment [Rec. Doc. 47 *et seq.*], Plaintiffs, Kathy Kocurek ("Ms. Kocurek") and Le Chat Interiors, Inc. ("Le Chat") (collectively, "Plaintiffs"), have offered several purported "changes" to the deposition testimony of Le Chat, through Ms. Kocurek as its corporate representative, including the outright deletion of approximately five (5) pages of unfavorable testimony cited in support of Defendants' Motion for Summary Judgment. This Court should strike the "Amendment" because Plaintiffs' proposed alterations and deletions undermine the discovery process and purpose of Rule 30(e) of the Federal Rules of Civil Procedure.[2]

**I.    OVERVIEW AND SUMMARY OF THE ARGUMENT.**

As courts in this District have already recognized, "[a] deposition is not a take home examination."[3] Indeed, Rule 30(e) of the Federal Rules of Civil Procedure "cannot be interpreted

---

[1] In the alternative, Defendants couch this motion as a Motion in Limine to Exclude the "Amendment" of Le Chat's Deposition Testimony from consideration with Defendants' Motion for Summary Judgment.

[2] For a detailed factual and procedural background of this case, Defendants respectfully direct the Court's attention to Defendants' Memorandum of Law in Support of Motion for Summary Judgment. Rec. Doc. 47-1.

[3] *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992).

to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses." *Id.* Facing dismissal of all claims in this litigation, Plaintiffs now attempt to alter Le Chat's corporate deposition testimony with five substantive changes and five complete deletions. *See* Rec. Doc. 54-7 at pp. 4–8. Not only are the substantive changes in direct conflict with Le Chat's sworn deposition testimony, but the "Amendment" improperly uses the Rule 30(e) errata sheet as a vehicle to "[d]elete all testimony" and object to questions asked at the deposition.

Besides timing, "there is no difference between coaching a witness to change an answer during the deposition or suggesting corrected answers during a private conference thereafter."[4] Some courts have imposed sanctions for manipulating testimony through an errata sheet to gain some advantage in a case, rather than to truly correct errors in the deponent's testimony.[5] All of the alterations and deletions made by Plaintiffs concern a central issue in this litigation—*i.e.*, whether Le Chat was going to earn a profit on furniture and furnishings purchased for Frank's Building project. Despite the undisputed fact that Frank's was going to purchase furniture through competitive bidding, which Le Chat repeatedly admitted at the deposition, Plaintiffs now attempt to alter this testimony to survive summary judgment by changing substantive responses and completely deleting entire sections of Le Chat's deposition. Such use of a Rule 30(e) errata sheet is improper, and this Court should strike the "Amendment" from consideration with Defendants' pending Motion for Summary Judgment.

---

[4] Ilya A. Lipin, *Litigation Tactics Addressing Changes to Deposition Testimony Through Rule 30(e) Errata Sheet Corrections*, 63 ARK. L. REV. 741, 755 (2010).

[5] *See Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) ("Counsel's changes dealt with issues of central importance in the upcoming summary judgment hearing. . . Combs, whether or not in collusion with counsel, thus attempted to deceive the district court on material matters before it. Falsifying evidence is grounds for the imposition of the sanction of dismissal."); *see also Greenway*, 144 F.R.D. at 325.

## II.  LAW AND ARGUMENT.

Rule 30(e) of the Federal Rules of Civil Procedure allows a deponent to review a deposition transcript and "[i]f there are changes in form or substance, to sign a statement listing the changes and the reasons for making them."[6] Although some courts have permitted deponents to make changes that contradict the previous answers given, a growing number of courts "hold that Rule 30(e) is to be used for corrective, and not contradictory, changes."[7] This Court should follow the more narrow interpretation of the rule because "if a deponent can freely revise their testimony afterward, the deposition has become a 'take home examination,' and its utility as a discovery device wholly forfeited"—particularly when changes are made *after* a motion for summary judgment is filed.[8] This interpretation of Rule 30(e) also preserves the integrity of the discovery process and the Court's Scheduling Order because substantive changes made after the discovery deadline prejudices parties from conducting discovery on the new testimony and potentially referenced evidence.

### A.  Plaintiffs Cannot Alter Substantive Deposition Testimony in an Attempt to Survive Summary Judgment.

Even though the plain language of Rule 30(e) permits corrections in "form or substance," a number of courts have held that "this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment."[9] Some courts have even equated such strategic, material changes by a deponent to a

---

[6]  FED. R. CIV. P. 30(e).

[7]  *Hambleton Bros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217, 1225–26 (9th Cir. 2005) (collecting cases); *see also Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n. 5 (10th Cir. 2002); *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000).

[8]  *United States v. Louisiana*, 196 F. Supp. 3d 612, 678 (M.D. La. 2016) (citing *Greenway*, 144 F.R.D. at 325).

[9]  *Hambleton Bros. Lumber Co.*, 397 F.3d at 1225.

"sham affidavit" insufficient to survive summary judgment.[10] Although the U.S. Fifth Circuit Court of Appeals "has not ruled on whether Rule 30(e) permits a deponent to use an errata sheet to make substantive changes to his deposition testimony,"[11] the U.S. District Court for the Western District of Louisiana has already addressed this issue as follows:

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, *i.e.*, he reported "yes" but I said "no," or a formal error, *i.e.*, he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. **The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard.** *A deposition is not a take home examination.*[12]

Simply stated, "[a] party is not permitted to virtually rewrite portions of a deposition, particularly after the opposing party has filed a summary judgment motion, simply by invoking the benefits of the rule governing changes to depositions."[13]

Here, Plaintiffs attempt to alter the sworn deposition testimony of Le Chat, given by Ms. Kocurek as the corporate representative, to essentially argue that "Le Chat was supposed to procure the furniture."[14] Five of the substantive "amendments" listed on Plaintiffs' errata sheet, attached as Exhibit G to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment, make this alteration.

---

[10] *See, e.g.*, *Burns v. Bd. of Cty. Comm'rs of Jackson Cty.*, 330 F.3d 1275, 1282 (10th Cir. 2003).

[11] *Gautreaux v. Apache Corp.*, 2010 WL 3982279, at *5 (E.D. La. Oct. 8, 2010).

[12] *Greenway*, 144 F.R.D. at 325 (emphasis added).

[13] Federal Procedure, Lawyers Edition, *Changes to deposition*, 10A FED. PROC., L. ED. § 26:476 (citing *Wiley v. Brown*, 164 F.R.D. 547 (D. Kan. 1996); *Rios v. Welch*, 856 F. Supp. 1499, 30 Fed. R. Serv. 3d 1018 (D. Kan. 1994), *aff'd*, 67 F.3d 1543, 33 Fed. R. Serv. 3d 216 (10th Cir. 1995)).

[14] Rec. Doc. 54-7, at p. 5 (referencing p. 39, ln. 18). The basis for many of Plaintiffs' "changes" are "Incorrect testimony based upon speculative question," or "***request for information which deponent has no knowledge.***" *See* Rec. Doc. 54-7, at p. 7. As corporate representative, Ms. Kocurek was designated as the company's witness and she had an obligation to gather all necessary information for the deposition. *See* FED. R. CIV. P. 30(b)(6).

Significantly, Plaintiffs' purported changes only involve portions of Le Chat's deposition cited in support of Defendants' Motion for Summary Judgment.[15] The "amendments" are an effort by Plaintiffs to defeat Defendants' Motion for Summary Judgment by altering the undisputed fact that Frank's was going to purchase the office furniture for the Building project through a competitive bid process and that Le Chat was *not* going to purchase the furniture or receive a commission from Frank's:

> Q. But Keith told you that they were going to bid out the furniture, right?
> A. Yes. He said no, *it's got to be a competitive bid.*
> Q. Because Frank's is a public company and that's the way --
> A. Yes.
> Q. -- it has to handle its business.
> A. I guess [. . .].[16]
>
> Q. But you -- you wouldn't have made any money on the bid from IPI, Frost Barber, any of those people --
> A. Not unless they said we want to give you a commission because you did a great job and we thank you.
> Q. But that would be up to Frank's to want to do that?
> A. *No, that would probably be up to the supplier.*
> Q. So you wouldn't be paid by Frank's on those bids, but the supplier may decide to give you a commission?
> A. *Exactly. Exactly.* [. . .].[17]
>
> Q. And in any event, it was up to IPI or whoever got the job, in this case IPI, if they wanted to pay you a commission or not?
> A. *Exactly.*
> Q. In other words, *you didn't expect Frank's to pay you anything* --
> A. **I did not.**
> Q. -- *for the competitive bid on office furniture?* [. . .][18]

---

[15] Specifically, for the first time, Plaintiffs attempt to recharacterize the word "bid" as "shopping for the best prices" in the following lines of testimony: (1) p. 189, lns. 20–23; (2) p. 191, ln. 12; (3) p. 191, lns. 15–16; (4) p. 193, lns. 1–9. Rec. Doc. 54-7, at pp. 5–6.

[16] Rec. Doc. 47-4, Deposition of Kathy Kocurek, at pp. 192–93 (emphasis added).

[17] *Id.* at pp. 193–94 (emphasis added).

[18] *Id.* at pp. 194–95 (emphasis added).

The deposition testimony Plaintiffs seek to change and delete demonstrates that there is no confusion in Ms. Kocurek's testimony on behalf of Le Chat.[19] Le Chat was not going to purchase the furniture; rather, Frank's purchased the furniture directly from third-party vendors through a competitive bidding process, and Le Chat would not have received any commission or profit from Franks.[20] Plaintiffs' "changes" are based on, among other things, the subsequent testimony of another witness and documents which Plaintiff produced in discovery.

Facing summary judgment, Plaintiffs should not be permitted to "amend" this testimony in a last-ditch effort to create a genuine issue of material issue of fact or prove that Le Chat would have made any profit on the furniture purchased for the building. To do so would fundamentally undermine the purpose of Rule 30(e) as well as the Court's Scheduling Order.

### B. Plaintiffs Cannot "Delete all testimony" through a Rule 30(e) Correction.

Rule 30(e) of the Federal Rules of Civil Procedure does not allow a party to "delete" testimony on the basis of an objection or the subsequent testimony of another witness. Instead, Rule 30(e) provides that "if there are changes in form or substance" the deponent must "sign a statement listing the *changes* and the *reasons* for making them."[21] Recognizing this unambiguous language, the Fifth Circuit requires strict compliance with Rule 30(e).[22] Here, Plaintiffs have attempted to "delete" approximately five (5) pages from Le Chat's deposition testimony through

---

[19] *See id.* at p. 242 ("Q. Do you want to change any of your answers or add anything to any of your answers? A. I don't think so. Q. Okay. A. I told you the truth on everything and I answered to the best of my ability.").

[20] This is further confirmed by Le Chat's admissions that the Letter of Engagement did not provide that Le Chat was entitled to receive any commission or a percentage of any purchases made by Frank's on materials, accessories, finishes, or furniture for the Building. *Id.* at pp. 31–36, 56–57.

[21] FED. R. CIV. P. 30(e)(1)(B) (emphasis added).

[22] *Reed v. Hernandez*, 114 Fed. App'x 609, 611 (5th Cir. 2004) ("Rule 30(e) does not provide any exceptions to its requirements.").

baseless objections.[23] Not only is it procedurally improper to "delete" sworn deposition testimony at this stage, but Rule 30(e) expressly permits only "changes" and requires "reasons" for making the changes.

First, Rule 30(e) does not permit the deletion of deposition testimony. District courts within the Fifth Circuit have determined that words such as "delete" are "commands, not reasons for the changes and certainly not sufficient reasons for the changes."[24] This is consistent with the plain language of Rule 30(e), which only allows *changes* in form or substance. Because deletion of sworn deposition testimony is not a change in form or substance, Plaintiffs should not be allowed to preclude this Court from considering this testimony.

Second, an objection to the question is not a *reason* for a change in the form or substance of deposition testimony under Rule 30(e). In their "Amendment," Plaintiffs have objected to several pages of deposition testimony on the grounds that (i) the question was "speculative"; (ii) the "[d]ocuments speak for themselves"; or (iii) Defendants and this Court should look to other subsequent depositions for the answers to the questions asked to Le Chat and ignore Le Chat's sworn testimony.[25] Although Plaintiffs were allowed to make objections to the form of the question

---

[23] Plaintiffs have requested to "[d]elete all testimony" from the following portions of the deposition: (1) p. 193, lns. 10–25 (more than half a page); (2) p. 194, lns. 1–25 (an entire page); (3) p. 195, lns. 1–25 (an entire page); (4) p. 196, lns. 1–25 (an entire page); and (5) p. 197, lns. 1–20 (more than half a page). Rec. Doc. 54-7, at pp. 6–8.

Defendants further question the ability of a *witness* to characterize a question as "speculative" and substantively change or delete sworn testimony, particularly when the witness answered all of the questions and there was no objection from the witness's attorney as to the form of the question. Ms. Kocurek asked the questioning-attorney to rephrase several questions during the deposition and, thus, was aware of her ability to ask for clarification. *See* e.g., Rec. Doc. 47-4, Deposition of Kathy Kocurek, at pp. 23, 41. However, she requested no such clarification during the testimony sought to be changed/deleted.

[24] *Joan Cravens, Inc v. Deas Constr. Inc.*, 2016 WL 5794770, at *2 n. 2 (S.D. Miss. Oct. 4, 2016).

[25] *See* note 23 *supra*.

at the deposition,[26] Plaintiffs' counsel would not have been permitted to instruct the witness not to answer the question.[27] This request to "[d]elete all testimony" has the exact same effect as instructing the witness not to answer and violates the Federal Rules of Civil Procedure. Moreover, the time for objecting to particular portions of a deponent's testimony is before trial,[28] not in opposing a motion for summary judgment. Therefore, because the deletion of "all testimony" is not a change in form or substance, this Court should strike Plaintiffs' errata sheet from the record.

## III. CONCLUSION.

WHEREFORE, Defendants, Frank's International, LLC and Gary Luquette, pray that their Motion to Strike "Amendment" of Le Chat Interiors, Inc.'s Deposition Testimony is granted and that Rec. Doc. 54-7, pp. 4–9 ("Exhibit G"), be stricken from the record and from consideration with Defendants' pending Motion for Summary Judgment.

Respectfully submitted,

NEUNERPATE

By: _____
Frank X. Neuner, Jr., Bar No. 7674 (T.C.)
(FNeuner@NeunerPate.com)
Jeffrey K. Coreil, Bar No. 32405
(JCoreil@NeunerPate.com)
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Tel:	(337) 237-7000
Fax:	(337) 233-9450

**Counsel for Defendants, Frank's International, LLC and Gary Luquette.**

---

[26] Rec. Doc. 47-4, Deposition of Kathy Kocurek, at p. 5 ("[A]ll objections, except those as to the form of the question and the responsiveness of the answer, are reserved. . . .").

[27] FED. R. CIV. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).").

[28] See Rec. Doc. 41, at p. 4 (The parties are to submit objections to trial deposition testimony fourteen (14) days before the pretrial conference.).

## Certificate of Service

I HEREBY CERTIFY that, on May 18, 2017, a copy of the foregoing has been served on all counsel of record in this proceeding by:

| | | | |
|---|---|---|---|
| ☐ | Hand delivery | ☐ | Prepaid U. S. Mail |
| ☐ | Facsimile/Electronic Mail | ☐ | Federal Express |
| ☐ | Certified Mail/Return Receipt Requested | ☑ | CM/ECF |

*[signature]*
_____
Counsel