UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KATHY KOCUREK                                CIVIL ACTION NO. 6:16-CV-00543

VERSUS                                       JUDGE FOOTE

FRANK'S CASING CREW &                        MAGISTRATE JUDGE HANNA
RENTAL TOOLS, LLC ET AL.

## MEMORANDUM RULING

Currently pending is the defendants' motion (Rec. Doc. 57), which seeks to strike or limit the amendment of Le Chat's deposition testimony as set forth in an exhibit to the plaintiffs' memorandum opposing the defendants' motion for summary judgment. (Rec. Doc. 54-7 at 4-9). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

The plaintiffs in this lawsuit are Kathy Kocurek and the business that she owns and operates, Le Chat Interiors, Inc. According to the amended complaint, a contract was entered into on March 14, 2013 between Ms. Kocurek and Le Chat, on the one side, and Frank's Casing Crew & Rental Tools, Inc., on the other. Keith Mosing signed the contract in his capacity as the president and CEO of Frank's Casing Crew & Rental Tools, Inc. Under the contract, the plaintiffs were to perform interior design

services in connection with the construction of a new office building in Lafayette, Louisiana and to be compensated at the rate of $100 per hour for the interior design services provided.

The complaint alleged that, in December 2013, Frank's Casing Crew & Rental Tools, Inc. merged with Frank's International, LLC, and the latter entity survived. The plaintiffs further alleged that Frank's International, LLC (hereinafter referred to as Frank's) is now responsible for the obligations undertaken in the contract, and Frank's is the defendant in this lawsuit.

The plaintiffs alleged that, in January 2015, Gary Luquette succeeded Keith Mosing as the president and CEO of Frank's and, in March 2015, Luquette breached the contract by terminating it before the work contemplated by the contract was completed. The plaintiffs seek to recover damages from Frank's for the alleged breach of contract, and they seek to recover damages from Luquette for his alleged tortious interference with a contractual relationship.

On April 3, 2017, Ms. Kocurek was deposed in her own capacity and also in her capacity as the corporate representative of Le Chat Interiors, Inc. On April 20, 2017, the defendants filed a motion for summary judgment. Along with their opposition to the motion for summary judgment, the plaintiffs filed in the record a complete copy of the deposition transcript (Rec. Doc. 54-3), an affidavit by Ms.

Kocurek (Rec. Doc. 54-7 at 1-3), and an amendment of the deposition testimony or "errata sheet" (Rec. Doc. 54-7 at 4-8) by which Ms. Kocurek sought to revise certain parts of her deposition testimony. In the instant motion, the defendants seek to strike the amendments to the deposition testimony that are listed on the errata sheet.

## LAW AND ANALYSIS

This dispute is governed by Fed. R. Civ. P. 30(e), which states that a deponent is allowed thirty days after being notified of the completion of the deposition transcript to review the transcript and "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." The Fifth Circuit Court of Appeals "has not ruled on whether Rule 30(c) permits a deponent to use an errata sheet to make substantive changes to his deposition testimony."[1] Absent guidance from the Fifth Circuit, some courts in the circuit have interpreted the scope of the amendments permitted by the rule narrowly, while others have interpreted the rule broadly.

The narrow approach was exemplified in *Greenway v. International Paper Company*, 144 F.R.D. 322, 325 (W.D. La. 1992), where the court explained:

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal

---

[1] *Gautreaux v. Apache Corp.*, No. _____, 2010 WL 3982279 at *5 (E.D. La. Oct. 8, 2010).

error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

The broad view was adopted in *Poole v. Gorthon Lines AB*, 908 F.Supp.2d 778, 787 (W.D. La. 2012), where the court noted:

> This interpretation, unlike the narrow interpretation, is consistent with the plain language of the Rule which expressly contemplates "changes in form or substance" accompanied by a signed statement reciting the reasons for the changes. See Fed.R.Civ.P. 30(e). As written, the Rule makes provision for changes in substance that are made for legitimate reasons, such as to correct a misstatement or honest mistake.

Courts adopting a broader reading of Rule 30(e) usually implement safeguards against a deponent's wholesale change of his or her testimony in post-deposition errata sheets by either requiring both the deposition transcript and the errata sheets to be considered in all proceedings conducted after the deposition or by allowing the deposition to be reopened for the limited purpose of permitting the deponent to be questioned with regard to the changed testimony.[2]

In this case, a careful review of the plaintiffs' errata sheet and Ms. Kocurek's deposition testimony persuaded this Court that a common sense approach – neither

---

[2] See *Poole v. Gorthon Lines AB*, 908 F.Supp.2d at 786-787.

particularly broad nor narrow – should be used in analyzing the changes to the deposition testimony proposed by the plaintiffs.

First, this Court finds that Ms. Kocurek's amended response to the question asked at Page 39, Line 17 of the deposition is not so substantive a change as to require that the amendment be stricken. Therefore, this change set forth on the errata sheet will not be stricken.

Second, this Court finds that Ms. Kocurek's original response to the question asked at Page 189, Lines 18-19 of the deposition was unresponsive and further finds that her amended response is equally unresponsive. Therefore, this change set forth on the errata sheet will not be stricken.

Third, this Court finds that the plaintiffs' changing of the word "bid" to the word "price" at three places on Page 191 of the deposition transcript is not a substantive change to Ms. Kocurek's testimony. Therefore, those changes set forth on the errata sheet will not be stricken.

Fourth, the plaintiffs argue that confusion resulted from references to "Keith" on pages 192-193 of the deposition transcript because there was no clarification concerning whether the "Keith" being referred to was Keith Mosing or Keith Williams. Accordingly, this Court finds that the restated answer to the question asked at Page 192, Lines 24-25 is an appropriate amendment to Ms. Kocurek's testimony

that removes the perceived confusion. Therefore, this Court will permit the addition of the following words at Lines 1-2 of Page 193: "Keith Mosing said the pricing should be competitive. So we were getting documents to show competitive price on all the items."

While Rule 30(e) permits a deponent to revise her testimony, it does not permit a deponent to delete questions asked during the deposition. In this case, the plaintiffs seek to delete not only Ms. Kocurek's response to the question asked but also the next question and her response to it (Page 193, Lines 3-9). This Court finds that the plain language of Rule 30(e) does not contemplate the deletion of questions asked during the deposition. Further, the stated reason for deleting this question and answer was an incorrect use of the word "bid." (Rec. Doc. 54-7 at 6). Previously, however, the plaintiffs had simply requested that the word "bid" be replaced with the word "price." At this spot in the transcript, however, the plaintiffs inexplicably seek to delete seven lines of questions and answers. This Court finds that, even if a broad interpretation of Rule 30(e) were adopted, this proposed amendment of the deposition transcript would not be justified. Accordingly, the defendants' motion will be granted to the extent that Lines 3-9 on Page 193 will remain in the deposition transcript.

Finally, the plaintiffs indicated on their errata sheet that they seek to delete all testimony from Page 193, line 10 through Page 197, line 20, or approximately five

full pages of questions and answers. The reasons given for this request were "incorrect testimony based on speculative question," "request for information [upon] which deponent has no knowledge," and "documents speak for themselves." (Rec. Doc. 54-7 at 6-8). As noted above, Rule 30(e) does not contemplate that a deponent would seek to amend her deposition testimony by completely deleting a question and the response to that question, much less multiple questions and the responses to those questions. The rule, on its face, permits a deponent to modify what she said during the deposition but not what anyone else said. Therefore, this Court is aware of no reason why questions asked during the deposition should be stricken from the transcript.

Furthermore, this Court finds that asking a speculative question is not a valid basis for such a drastic revision of deposition testimony since the deposition was taken for discovery purposes and no objection to these particular questions was made at the time they were asked. The witness could not have been instructed not to answer the questions asked of her and since there were no objections to the form of the question, that objection is waived.

The plaintiffs seek to strike the entirety of Page 194 based on the deponent's lack of information about the questions asked, but that is inconsistent with the fact that she answered the questions at the time without she or her attorney advising that

she actually had no knowledge about the subject being addressed or making an objection of any kind.

The final reason given for seeking to have these pages of the deposition deleted is equally lacking in merit. Documents are routinely produced in connection with depositions, and deponents are routinely asked about documents during depositions. Therefore, stating that a document speaks for itself, while true, is generally not a valid basis for striking a deponent's testimony regarding a particular document relevant to the dispute before the court.

In sum, this Court finds that Rule 30(e) – whether interpreted narrowly or broadly – does not permit the deletion of five pages of questions and answers from a deposition transcript.

## CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the defendants' motion to strike the changes set forth on the plaintiffs' errata sheet (Rec. Doc. 57) is GRANTED IN PART and DENIED IN PART. More particularly, the motion is denied with regard to the amendment of the deponents' responses set forth at Page 189, Line 18; Page 189, Lines 20-23; Page 191, Lines 12-16; and Page 193, Lines 1-2. In all other respects, the motion is

granted, and the plaintiffs' proposed deletion of the colloquy from Page 193, Line 3 through Page 197, Line 20 is not permitted.

IT IS FURTHER ORDERED that a revised errata sheet, listing only the changes approved of herein, shall be prepared, and in all further proceedings in this litigation requiring the use of or reference to the April 3, 2017 deposition in which Ms. Kocurek appeared both in her individual capacity and as Le Chat's corporate representative, the errata sheet shall be incorporated in the deposition transcript and filed in the record so that any reference to the amended pages of the deposition shall include reference to both the original deposition testimony and the amended testimony set forth on the errata sheets.

Signed at Lafayette, Louisiana on this 31st day of May 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE